BORT v. E. H. McCUTCHEN & CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1911.)

No. 3,304.

1. APPEAL AND ERROR (§ 169*)—QUESTIONS REVIEWABLE—NECESSITY OF PRESENTATION IN LOWER COURT.

A writ of error presents for review nothing but the alleged errors of law into which the court below has fallen, and a contention which was never presented to nor ruled upon by that court is not before the appellate court for consideration or decision.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034; Dec. Dig. § 169.*]

2. APPEAL AND ERROR (§ 882*)—RIGHT OF REVIEW—ESTOPPEL—INCONSISTENT POSITIONS.

A party who has tried a cause on the theory that a question was in issue and determinable by the evidence is estopped to reverse the judgment on the ground that such question was not in issue and was erroneously submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. TRIAL (§ 53*)—RECEPTION OF EVIDENCE—EFFECT OF WITHDRAWAL OF ISSUES.

It is not error to admit competent evidence relevant to any issue in the case at the time it is admitted, nor does it become error because on submission of the cause certain issues are withdrawn from the jury, who are instructed not to consider the evidence offered in their support.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 124, 129; Dec. Dig. § 53.*]

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Action at law by A. N. Bort against E. H. McCutchen & Co. and others on a bond. Judgment for defendant sureties, and plaintiff brings error. Affirmed.

John H. Atwood (Craig T. Wright, A. F. Call, F. W. Sargent, and Thos. M. Murphy, on the brief), for plaintiff in error.

Will E. Johnston and E. A. Burgess (E. H. Hubbard, on the brief), for defendants in error.

Before SANBORN and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge. A. N. Bort, the obligee in a bond, brought an action against the principal and sureties therein to recover about $100,000 and interest for a breach of its condition. The sureties pleaded many defenses, but the only one submitted to the jury was that they were induced to sign the bond by the promise of E. H. McCutchen, the principal, that others would sign it and that he would not deliver it until they did, that McCutchen broke this promise and delivered the bond without the promised signatures, and that Bort was aware of these facts before he accepted the bond. There was a verdict and judgment for the sureties, which the writ in this case was sued out to reverse.

[1] The first specification of error is that the court refused to instruct the jury to return a verdict against the sureties, and it rests upon two contentions: That there was no competent substantial evidence to support their defense, and that by division 13 of their answer they admitted that Bort accepted the bond without notice that the sureties had been induced to sign it by the promise that others who never signed it would sign as their cosureties before it was delivered. The latter contention was never presented to or ruled upon by the trial court. A writ of error presents for review nothing but the alleged errors of law into which the court below has fallen. As this contention was never presented to or ruled by that court, it did not commit any error concerning it, and there is nothing in relation to it before us for consideration or decision.

[2] Moreover, the plaintiff tried the case below upon the inconsistent theory that the knowledge of Bort was the real issue in the case and that this issue was determinable by the evidence, and he is thereby estopped from reversing the judgment on the ground that this knowledge was not in issue at all. There was a strong preponderance of evidence that McCutchen promised many of the sureties when they signed the bond that others, who never signed, should sign it as cosureties, and that it would not be delivered until they so signed. But the proof that Bort was aware of this fact was far from conclusive. Nevertheless a perusal of the record and a careful digest of all the evidence on this subject has disclosed so much testimony that was competent and substantial that it was not the duty of the court below to withdraw from the jury the issue to which this evidence was directed.

[3] The second complaint is that:

"The court erred in permitting evidence on the issues that were not submitted to the jury, and especially in failing thereafter to caution the jury not to consider such evidence in determining the questions which were finally submitted to them."

There is no claim that the evidence challenged under this specification was not competent, or that it was not relevant and material to issues that were on trial in the court below at the time it was admitted. It cannot be error to admit competent evidence relevant to any issue in the case at the time the evidence is admitted, and at the close of the trial below the record is that the court, after stating the defense which was submitted, instructed the jury that there were some other defenses, but no evidence to warrant their submission, and that "such defenses and evidence in support thereof are each withdrawn from your consideration, and you will not consider them." No exception was taken to this charge, no request for a further instruction on the subject was made, and the complaint now preferred is without foundation.

There was evidence that the principal in the bond, E. H. McCutchen, procured the signatures of the sureties, and that Oskar Berger, a notary public in McCutchen's bank, sometimes had the bond and a list of proposed signers in his possession and administered and certified the oaths of those who signed relative to the value of their property. Plaintiff's counsel argue that the conversations of certain of the sureties with McCutchen or Berger, at and before the time they signed the

bond in their possession, to the effect that McCutchen or Berger then assured them that if they signed the bond it would not be delivered until the proposed signers who did not sign had signed as cosureties, constituted incompetent evidence and that it was hearsay. But the agreement which these conversations proved was pleaded in the answer, it was essential to the defense of the sureties, and their evidence in support of it was rightly admitted.

Counsel was inquiring of a witness on cross-examination how Bort came to deposit the money, on account of the loss of which this suit is brought, with McCutchen, and he asked him what Bort said to him, and the witness answered:

"I am inclined to think that Mr. Bort probably made the deposit on account of Woodmen politics, or reasons of a similar kind."

The plaintiff moved to strike out this answer, because it was not responsive to the question, and it is assigned as error that the court denied the motion. But it is so clear as to be beyond doubt that no prejudice resulted or could have resulted to the plaintiff on account of this ruling, because this witness had already testified that Bort had told him that he had just about decided not to deposit the money with McCutchen, "but owing to the influence and solicitation of Mr. Murphy and Mr. Saunders and Mr. White, and some others belonging to the order, that he finally decided to make the bank a depository." Error without prejudice is no ground for reversal.

Finally, complaint is made that a witness was permitted to testify that one White told McCutchen, on a visit he made to him, that he was there in the interest of the Woodmen and Mr. Bort to look over the sureties on the bond and find out as nearly as possible as to their financial ability and responsibility. But no objection or exception to this evidence appears in the record, and the judgment below must be affirmed.

It is so ordered.