## AYERS v. UNITED STATES.
### No. 9387.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1932.

Walter L. Brown, Robert C. Knox, and L. B. Smead, all of El Dorado, Ark., for appellant.

W. N. Ivie, U. S. Atty., and G. T. Sullins, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

SANBORN, Circuit Judge.

On October 19, 1931, an information was filed against the appellant and his wife, charging them jointly with three violations of the National Prohibition Act. The first two counts charged illegal possession of intoxicating liquor on June 27, 1931, and June 28, 1931, respectively. The third count charged the maintenance of a common nuisance on June 28, 1931. Pleas of not guilty were entered.

Upon the trial, at the close of the testimony, the appellant requested "that the court

instruct the jury to return a verdict of not guilty as to the defendant J. T. Ayers, which request was refused by the court, and the defendant J. T. Ayers saved his exceptions." The jury acquitted the appellant upon the possession counts of the information, and convicted him upon the nuisance count, and he was thereafter sentenced to serve six months in jail. He thereupon appealed.

The assignment of errors is as follows:

"1. That the verdict of the jury and the judgment of the court are contrary to the evidence.

"2. That the verdict of the jury and the judgment of the court are contrary to the law.

"3. The verdict of the jury and the judgment of the court are contrary to both the law and the evidence.

"4. That the evidence introduced in the cause did not justify a submission to the jury a question of fact on the third count of the indictment.

"5. That the evidence in the cause was not sufficient upon which to base a conviction of this defendant on the third count of the indictment.

"6. That the judgment of the court sentencing this defendant to serve six months in jail is excessive.

"7. That the court erred in permitting S. M. Gurley, J. W. Ledbetter and W. F. Willis, over the objection of the defendant, to testify to finding whisky and beer on the night of June 27, 1931, as evidence against this defendant."

The errors specified in the brief of the appellant are identical with those stated in the first five assignments.

The government contends that, since there was no sufficient motion for a directed verdict, and since the assignment of errors and specification of errors are insufficient and do not comply with the rules of this court, we are precluded from considering the question of the sufficiency of the evidence to justify the verdict.

That the specifications of error and the first five assignments of error—with which we are only concerned, the other two assignments having been abandoned [Allen v. Hudson (C. C. A.) 35 F.(2d) 330]—are insufficient is obvious.

Referring to such assignments, Judge Gilbert, of the Ninth Circuit, in the case of Hecht v. Alfaro (C. C. A.) 10 F.(2d) 464, 466, said: "They bring up for review no ruling of the trial court. They do not show that at any point in the proceedings the court below committed error. Upon no question thus presented does it appear that the trial court was requested to make a ruling or give an instruction to the jury. This court has no authority to retry an action at law and render such judgment as we may think should have been rendered. We can review only rulings made by the trial court on questions brought to its attention and passed upon by it. Oregon R. & Nav. Co. v. Dumas, 181 F. 781, 104 C. C. A. 641; Bort v. E. H. McCutchen & Co., 187 F. 798, 109 C. C. A. 558; United States v. National City Bank (C. C. A.) 281 F. 754. These considerations are sufficient to dispose of the case upon the writ of error from this court." See, also, Southern Surety Co. v. Lee County Bank, Title & Trust Co. (C. C. A. 8) 36 F.(2d) 220; Flanagan v. Benson (C. C. A. 8) 37 F.(2d) 69; Allen v. Hudson, supra; Stewart v. United States (C. C. A. 9) 12 F.(2d) 524.

Even if the denial of the appellant's motion in the court below for a directed verdict had been assigned and specified as error, it would not have entitled him to a review of the question of the sufficiency of the evidence to justify the verdict. The applicable rule is stated in Mansfield Hardwood Lumber Co. v. Horton (C. C. A. 8) 32 F.(2d) 851, 852, in which this court said:

"Under the first specification of error appellant has argued the question whether there was any substantial evidence to support a verdict for plaintiff.

"We are constrained to hold that the motion was not sufficient to raise the question. For many years this court has laid down the rule that the question whether there was any substantial evidence to support a judgment for the opposite party can be raised, so as to be reviewable, only by a motion, request for a ruling, request for a declaration of law, or other equivalent action, at the close of the evidence; that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words and brought sharply to the attention of the court; that a ruling must be obtained and an exception preserved. A general motion stating no grounds is not sufficient. The same rule applies to cases tried with a jury and to cases tried to the court where the statutory requisites waiving a jury have been fulfilled. [Citing cases.]

"The rule is at once fair to the trial court, because attention is sharply and specifically called to the precise point involved; fair to opposing counsel, because it gives an oppor-

tunity to oppose the motion understandingly; fair to the appellate court, because it enables that court to see whether the point raised in that court is the same as that which was raised and passed upon by the trial court."

See also, Public Utilities Corporation v. McNaughton (C. C. A. 8) 39 F.(2d) 7; Williams Bros. v. Heinemann (C. C. A. 8) 51 F.(2d) 1049; Rossi v. United States (C. C. A. 8) 9 F.(2d) 362, 365; Murphy v. United States (C. C. A. 8) 39 F.(2d) 412; Schindler v. United States (C. C. A. 9) 24 F.(2d) 204.

Notwithstanding this rule, this court, in order to prevent an injustice, may notice a plain error even in a civil case. United States v. Tennessee & Coosa R. Co., 176 U. S. 242, 256, 20 S. Ct. 370, 44 L. Ed. 452; Baltimore & O. R. Co. v. McCune (C. C. A. 3) 174 F. 991, 992; Radetsky v. Gramm-Bernstein Motor Truck Co. (C. C. A. 8) 4 F.(2d) 965, 968; New York Life Insurance Co. v. Rankin (C. C. A. 8) 162 F. 103, 108. In criminal cases, in order to prevent a miscarriage of justice, a wider discretion to review errors not properly saved or presented for review is recognized.

In Wiborg v. United States, 163 U. S. 632, 658, 16 S. Ct. 1127, 1137, 41 L. Ed. 289, the Supreme Court said: "No motion or request was made that the jury be instructed to find for defendants, or either of them. Where an exception to a denial of such a motion or request is duly saved, it is open to the court to consider whether there is any evidence to sustain the verdict, though not to pass upon its weight or sufficiency. And, although this question was not properly raised, yet if a plain error was committed in a matter so absolutely vital to defendants, we feel ourselves at liberty to correct it." In that case, the court examined the question of the sufficiency of the evidence to support the conviction of two of the defendants, and set aside the verdict as to them.

In Crawford v. United States, 212 U. S. 183, 194, 29 S. Ct. 260, 264, 53 L. Ed. 465, 15 Ann. Cas. 392, this language is found: "In criminal cases courts are not inclined to be as exacting with reference to the specific character of the objection made as in civil cases. They will in the exercise of a sound discretion, sometimes notice error in the trial of a criminal case, although the question was not properly raised at the trial by objection and exception. Wiborg v. United States, 163 U. S. 632, 659, 16 S. Ct. 1127, 1197, 41 L. Ed. 289, 299." See, also, Burns v. United States, 274 U. S. 328, 341, 47 S. Ct. 650, 71 L. Ed. 1077; Gambino v. United States, 275 U. S. 310, 319, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381.

In Lamento v. United States (C. C. A. 8) 4 F.(2d) 901, 904, this court, referring to the general rule that appellate courts will not consider errors not excepted to at the trial, said: "But there is an exception to this rule as well established, as just and equitable, as the rule itself. It is that in criminal cases, involving the life or liberty of the accused, the appellate courts of the United States may notice and correct, in the interest of a just enforcement of the law, serious errors in the trial of their cases, fatal to the defendant's rights, although these errors were not challenged or reserved by objections, exceptions, or assignments of error." See, also, Van Gorder v. United States (C. C. A. 8) 21 F.(2d) 939, 942; Reynolds v. United States, (C. C. A. 10) 48 F.(2d) 762; Bogileno v. United States (C. C. A. 10) 38 F.(2d) 584.

The cases of Wishart v. United States (C. C. A. 8) 29 F.(2d) 103, and Dick v. United States (C. C. A. 8) 40 F.(2d) 609, 70 A. L. R. 90, do nothing more than recognize the right of the court to examine the evidence and to ascertain whether the defendant had been convicted of an offense upon no substantial evidence of guilt. See, also, Feinberg v. United States (C. C. A. 8) 2 F.(2d) 955, 956.

From what has been said, it is clear that, to entitle a defendant in a criminal case to a review by this court of the question of the sufficiency of the evidence to support his conviction, it must appear that, upon the trial, he made a request for a directed verdict upon the specific ground that the evidence was not sufficient to sustain a verdict of guilty, that his request was denied, that he saved an exception to its denial, that he assigned the denial of the request as error and specified it as error in his brief in this court. It is equally clear, however, that this court has discretion, where these steps have not been taken, to set a conviction aside if there is no substantial evidence to sustain the verdict, not because of any duty it owes the defendant, but solely in the public interest and to prevent injustice.

Upon the trial of the case with which we are here concerned, it was incumbent upon the government, in order to justify the conviction of the appellant upon the nuisance count of the indictment, to prove two things: (1) That the place which he was charged with maintaining was a place where intoxi-

cating liquor was being illegally manufactured, sold, kept, or bartered; and (2) that he was either maintaining it, or was connected in some way with its maintenance, knowing its character.

The contention of the appellant is that there was no substantial evidence indicating that he had anything to do with the maintenance of the place. If that were the only question involved, we would affirm the judgment, since the evidence showed that he was found there with his wife and several half-gallon jars of whisky and cases of home-brew beer on June 28, 1931; that he had been living there with his wife part of the time; and that he had stated to a Mr. Warren, who was agent for the owners of the property and who collected the rent from Mrs. Ayers, that he (the appellant) had paid $20 rent to one of the owners and had the rent cut down. It is true that Mrs. Ayers, who was the only witness testifying for the defense, took the entire responsibility for the maintenance of the place and the possession of the liquor found there; but the jury were not required to believe her evidence under the circumstances, and could have found that the appellant shared the responsibility with her.

■ The Supreme Court, in the case of Street v. Lincoln Safe Deposit Co. et al., 254 U. S. 88, 92, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, held that the word "kept" in section 33 of title 27, U. S. C. (27 USCA § 33), which section defines a common nuisance, plainly means kept for sale or barter or other commercial purpose. To the same effect is Feinberg v. United States (C. C. A. 8) 2 F.(2d) 955, 958, in which it was said: "Under that section it is necessary that the keeping or possession of the liquor shall be for sale, barter, or other commercial purposes." See, also, Rossi v. United States (C. C. A. 8) 16 F.(2d) 712, 714.

■ The mere illegal possession of liquor is not enough, standing alone, therefore, to justify a finding that the place where such liquor is possessed is a common nuisance. There is no evidence in this case, either direct or circumstantial, that any liquor was being sold, or kept for sale or other commercial purpose, in the place in question, which is referred to as the "Airplane Filling Station," and is described in the evidence as being constructed in the form of a filling station, with a storeroom in the center, a bedroom on the left side, and a room with tables and other equipment on the right side. There is no evidence as to its character or reputation or as to its equipment or surroundings, other than has been pointed out. The evidence is that nine half-gallon jars full of whisky and a number of cases of home-brew beer were found in the place on June 27, 1931, at a time when Mrs. Ayers was alone present; and that on June 28, 1931, when both the appellant and Mrs. Ayers were present, several half-gallon jars of whisky and several cases of home-brew beer were found there.

■ It is obvious that the evidence was insufficient to justify a submission of the case to the jury upon the nuisance count of the information, and that the appellant was convicted of an offense which the evidence completely fails to show had been committed. This defect in the proceedings in this case is too plain and vital to be overlooked.

The judgment is reversed, and the case remanded for further proceedings.