## UNITED STATES v. BOLLMAN.

No. 10394.

Circuit Court of Appeals, Eighth Circuit.

Feb. 24, 1936.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Edwin G. Moon, U. S. Atty., of Des Moines, Iowa, Will G. Beardslee, Director, Bureau of War Risk Insurance, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Howard L. Bump, of Des Moines, Iowa (Johnston & Shinn, of Knoxville, Iowa, on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is the second time this case has been before this court. For the opinion on the first appeal, see United States v. Bollman, 73 F.(2d) 133.

After the decision on the first appeal, the case was tried again, resulting in a verdict and judgment for the appellee. On the second trial, the decision of this court on the first appeal was accepted as the law of the case, and the issues were tried and determined accordingly.

On this appeal the only question presented for our consideration is, "Was plaintiff's (appellee's) suit, filed December 12, 1932, to contest a forfeiture of her insurance rights made March 4, 1926, barred by the statute of limitations?"

This identical question was presented on the first appeal and determined adversely to the appellant. We are asked to review and reverse our former opinion on the ground that the first decision was erroneous.

The evidence relating to the question submitted was the same on both trials. For the facts in the case, reference is made to our former opinion.

■■ It is an established rule of law that a legal proposition, considered and determined by an appellate court, may not be questioned in any subsequent proceedings in either the trial or appellate court. The first decision becomes the law of the case. Claiborne-Reno Co. v. E. I. Du Pont de Nemours & Co., 77 F.(2d) 565, 566 (C.C.A.8); General Motors Acceptance Corporation v. Mid-West Chevrolet Co., 74 F.(2d) 386, 388 (C.C.A.8); Ætna Life Ins. Co. v. Wharton, 63 F.(2d) 378, 379 (C.C.A.8); H. P. Coffee Co. v. Reid, Murdoch & Co., 60 F.(2d) 387, 388 (C.C.A.8); Thompson v. Maxwell Land-Grant & Ry. Co., 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539; Pennsylvania Mining Co. v. United Mine Workers, 28 F.(2d) 851, 852, 853 (C.C.A.8); Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152. As pointed out in the last two cases cited, this rule is not a limitation on the power of the court, but it "expresses the practice of courts generally to refuse to reopen what has been decided." Only when the appellate court is "convinced that a former decision is clearly erroneous and unsound and works manifest injustice to the parties" will it reconsider and reverse its first decision. We have reviewed the record and have read the cases cited by counsel for the appellant, and we find nothing suggested that "convinces" us that our former opinion is erroneous nor that any injustice results therefrom to the appellant, while a reversal would work a manifest injustice to the appellee.

■■ Further, the appellant, in fairness to the trial court, is not in a position to urge the bar of the statute of limitations at this time. It is true the plea of the statute remained in its answer after the first trial, but it apparently accepted the decision of this court upon that point as final. No motion was made in this court before the mandate went down to correct the alleged error in the opinion; and the matter was in no way urged upon the second trial by motion for directed verdict, for requested instruction or otherwise. "The general rule is that a question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal. Virtue v. Creamery Package Mfg. Co. et al., 227 U.S. 8, 38, 39, 33 S.Ct. 202, 57 L.Ed. 393; Hecht v. Alfaro (C.C.A.9) 10 F.(2d) 464, 466; Bort v. E. H. McCutchen & Co. et al. (C.C.A.8) 187 F. 798, 799; Weinstein v. Laughlin (C.C.A.8) 21 F.(2d) 740, 742; Wolfberg v. State Mut. Life Assur. Co. of Worcester, Mass. (C.C.A.8) 36 F.(2d) 171, 175; Ayers v. United States (C.C.A.8)

58 F.(2d) 607, 609." Trapp v. Metropolitan Life Ins. Co., 70 F.(2d) 976, 981 (C.C.A. 8).

The judgment is therefore affirmed.