## KLEINSCHMIT v. FARMERS MUT. HAIL INS. ASS'N OF IOWA.

### No. 11261.

Circuit Court of Appeals, Eighth Circuit.
March 4, 1939.

Maxwell V. Beghtol, of Lincoln, Neb. (Glen H. Foe and J. Lee Rankin, both of Lincoln, Neb., on the brief), for appellant.

Lyle C. Holland, of Lincoln, Neb. (Guy C. Chambers, Roland A. Locke, and T. J. Kiesselbach, all of Lincoln, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellee issued its policy of automobile insurance to one John Gorham covering his Chevrolet Coach for a period of one year from May 15, 1935, to May 15, 1936. By the terms of the policy Gorham was insured against legal liability to other persons for personal injuries in the amount of $5000. On October 29, 1937, the appellant recovered judgment against Gorham for $9000 for damages for personal injuries sustained by her in Omaha, Nebraska, on December 10, 1935, as a result of the negligent driving by Gorham of the car described in the policy. An execution on that judgment was returned unsatisfied and the present suit was thereafter brought by the appellant to recover of the appellee insurance association.

The petition is in two counts. In the first count the appellant sought to recover $5000 and expenses, the amount limited in the policy, and in the second count she sought to recover damages for $4000, the excess of her judgment above the limitation of the policy, for the bad faith and negligent manner in which it is alleged the appellee handled the defense of Gorham in the action against him. At the trial the court directed a verdict for the appellee on count 2 of the petition and the jury returned a verdict against the appellant on the first count. Thereupon a judgment was entered against the appellant for costs from which judgment she appeals.

Both causes of action alleged in the petition are predicated upon the following provision in the policy: "in case an execution against the assured on final judgment is returned unsatisfied * * * then the judgment creditor shall have a right of action against the Association to the same extent the assured would have had the assured paid such final judgment."

We have no hesitation in affirming the judgment on count 1 of the petition. As to this count the appellant made no motion for judgment, requested no instructions and took no exceptions to the instructions given by the court. The assignments of error are too general under our rules to raise any question calling for decision by this court. This is a law action; and it is elementary that only errors of the court below to which exception was duly taken at the time of trial can be reviewed on appeal. "The general rule is that a question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal." United States v. Bollman, 8 Cir., 81 F.2d 1009, 1010; Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, 981; Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 38, 39, 33 S.Ct. 202, 57 L.Ed. 393; Cox v. United States, 8 Cir., 96 F.2d 41; Arkansas Oak Flooring Co. v. Pritzen, 8 Cir., 87 F.2d 474; Hecht v. Alfaro, 9 Cir., 10 F.2d 464.

But one exception was taken by appellant to any ruling of the trial court relating to count 1 of the petition. One of the defenses was that Gorham had failed to cooperate with appellee in the trial of the case in October, 1937, and had failed to attend the trial, as required by the policy. By way of reply the appellant pleaded excuses for Gorham, one of which was that he had not received a certain letter requesting him to come to the trial and stating the date of the trial. At the conclusion of the evidence the court announced that he would limit the issue presented to the jury on count 1 to the sole question of whether or not John Gorham had or had not received that letter, to which the attorney for appellant excepted.

The only other excuses pleaded were without merit in law or were unsupported by any substantial evidence. The court, therefore, did not err in so limiting the issue. Besides, neither the exception taken nor the assignment of error points out wherein the court erred, and our attention is not directed to any other issue which it is claimed should have been submitted to the jury or that is to any degree supported by substantial evidence. Upon the record thus presented no question is raised for our consideration. Harris v. Biszkowicz, 8 Cir., 100 F.2d 854.

The appeal on the second count of the petition raises a different question. At the conclusion of all the evidence the appellee moved for a directed verdict upon the second cause of action on the grounds that there was no substantial evidence to sustain a verdict in favor of the plaintiff and against the defendant, and that upon the undisputed facts plaintiff had not carried the burden of proving bad faith and negligent conduct of the defendant toward John Gorham in the defense of the action brought against him by Gertrude Kleinschmit. The court sustained the motion, and the appellant excepted.

Appellant's theory of a right of recovery on the second count of her petition is that had Gorham paid the judgment of $9000 which she obtained against him, he, Gorham, would have had a right of action against appellee for damages for the $4000 excess above the amount of the policy; and that since Gorham did not pay the judgment, appellant by virtue of the provision of the policy quoted above is entitled to enforce such right by substitution. Clearly that is the meaning of the contract. But, it will be observed, appellant's right is the same and no greater in any respect than Gorham's right would have been had he paid the judgment.

■ This situation involves the appellant in this difficulty: The judgment against appellant on count 1 of the petition is an adjudication that Gorham breached the contract by failure to cooperate and attend the trial in October, 1937, and that he has no rights against the association growing out of the contract. Count 2 pleads a cause of action ex delicto in its nature, but dependent upon a legal relation created by contract. The charge in count 2 is that the association having undertaken the defense of Gorham in the action brought against him by Kleinschmit was negligent and acted in bad faith by withdrawing from the defense and permitting judgment to be entered for $9,000 against him. But it is now adjudicated that the withdrawal was justified by Gorham's failure to cooperate in his own defense and to attend the trial. The contract having been breached by Gorham and then repudiated by the appellee no contractual relation existed between them and no resulting legal relation from which a duty could be implied to support an action ex delicto by Gorham. The result is that appellant has no derivative right on this ground to maintain an action on count 2. Attleboro Mfg. Co. v. Frankfort Marine, Acc. & Plate Glass Ins. Co., 1 Cir., 240 F. 573.

■ The further charge in count 2 that the association dealt with John Gorham in bad faith after the accident is equally without merit. It is claimed such alleged bad faith consisted first in denying liability under the contract. When appellee investigated the Kleinschmit accident it discovered that Gorham was living in Omaha, Nebraska. When the policy was issued to him he lived in Des Moines, Iowa. The policy provided that in the event the assured removed permanently from his address he would give notice of such change and pay the difference in rates between the two localities, and that failure to report the change and to pay the difference in premiums would render the policy null and void. No notice of change of residence was given by Gorham. He claimed that the change made was not permanent; that he still considered Des Moines his permanent residence. There is no evidence that appellee acted in bad faith in the premises however; and the circumstances warranted the inference that Gorham had permanently changed his address. Even though the inference were erroneous it was not unfounded, and it can not be said to be bad faith to deny a claim when there is substantial evidence to support the denial.

■ The second element of bad faith charged is the stipulated fact that the appellee sometime subsequent to the occurrence of the accident refused to accept the appellant's offer to settle her alleged cause of action against Gorham for $4200, and the undisputed evidence that Gorham had no notice of the offer. The answer to this is that the policy did not require the appellee to accept offers of settlement, even if reasonable, nor to give

notice to Gorham that such offers had been received. The mere refusal to settle and the failure to notify Gorham of the proposed offer would, without other evidence, in no wise support a finding of the jury that the appellee dealt with the insured in bad faith. Maryland Casualty Co. v. Cook-O'Brien Const. Co., 8 Cir., 69 F.2d 462, 464; City of Wakefield v. Globe Indemnity Co. et al., 246 Mich. 645, 225 N.W. 643, and cases cited.

We have examined appellant's exceptions and assignment of alleged errors with care, and we find no ground for reversal.

Affirmed