**Thomas CARVIN, for the use and benefit of Norma E. Thompson and William A. Thompson, Plaintiff-Appellant,**

v.

**STANDARD ACCIDENT INSURANCE CO., Defendant-Appellee.**

**No. 17732.**

United States Court of Appeals
Sixth Circuit.

June 14, 1968.

Harry Berke, Chattanooga, Tenn., for plaintiff-appellant, Berke & Berke, Chattanooga, Tenn., on the brief.

Fred M. Milligan, Chattanooga, Tenn., for defendant-appellee, Milligan, Hooper & Harris, Chattanooga, Tenn., of counsel.

Before WEICK, Chief Judge, and McCREE and COMBS, Circuit Judges.

WEICK, Chief Judge.

This case involves the liability of an insurance company on an automobile liability insurance policy for the payment of default judgments for personal inju-

ries rendered in the state court against an additional insured in amounts in excess of the policy limits. The company paid out full limits of the policy plus accrued interest amounting to $83,003.34 and is resisting payment of any excess. The case is governed by Tennessee law.

The insured automobile belonged to Ward Crutchfield, an attorney, who was the named insured. The policy of insurance, which had limits for bodily injury of $50,000 for one person and $100,000 for one accident, covered anyone driving the automobile with the permission of the named insured.

The insured automobile ran off the highway near Calhoun, Georgia. William A. Thompson, his wife Norma E. Thompson and Thomas Carvin were the only persons in the car at the time of the accident. The Thompsons sustained personal injuries and instituted actions to recover damages therefor in the state court, against Carvin, alleging that he was driving the automobile negligently at the time. Carvin requested the insurance company to defend the actions but it refused to do so, contending that Mr. Thompson and not Carvin was driving the automobile. Both Thompson and Carvin had permission to drive the automobile, but if Thompson had been driving the insurance company would not have been obligated to defend as Thompson could not very well sue himself. His wife would have no claim against him under Tennessee law.

The contention of the insurance company that Thompson was the driver was based on evidence in its possession that shortly after the accident both Carvin and Mr. Thompson had told Georgia State Highway Patrol Officer, J. H. Couch, who was the investigating officer, that Thompson was driving. The officer's written report of his investigation disclosed that Thompson was the driver. The suits were amended to add Crutchfield as a party defendant. The insurance company took over the defense of the actions as to Crutchfield only.

The insurance company promptly filed an action in the state court against Car-

vin and the Thompsons for declaratory judgment to obtain a judicial determination as to who was the driver of the automobile. The Thompsons then took non-suits against Carvin in the state court personal injury actions and proceeded against Crutchfield alone. It was stipulated that the automobile involved in the accident was being operated about Crutchfield's business and for his benefit. The declaratory judgment action was then non-suited on the ground that Carvin was no longer a party to the personal injury actions.

The personal injury actions against Crutchfield were tried in the state court before a jury which was unable to agree upon a verdict and a mistrial was declared. The Thompsons made Carvin a party defendant again to their personal injury actions. The insurance company then filed another action in the state court for declaratory judgment to determine who was the driver of the automobile, which action was resisted by the Thompsons and the court denied relief. The Supreme Court of Tennessee denied certiorari. The Thompsons took a nonsuit as to Crutchfield, and the insurance company withdrew from the defense of the personal injury actions. Several months later Mrs. Thompson obtained a default judgment against Carvin in the amount of $185,000, and Mr. Thompson obtained a default judgment in the amount of $50,000. Suit was then brought in the state court by Carvin, for the use of the Thompsons, against the insurance company to collect the amount of the default judgments which totaled $235,000. The suit was removed to the District Court on the ground of diversity of citizenship.

The case was tried in the District Court before a jury. It was stipulated that the policy limits applicable to Mrs. Thompson were $50,000 and $20,000 for Mr. Thompson. The jury returned verdicts in favor of the Thompsons for breach of the insurance contract in the stipulated amounts. In addition, the jury assessed damages against the insurance company in favor of Mrs. Thompson for

$25,000 and Mr. Thompson for $5,000 for bad faith, or gross negligence amounting to bad faith, in failing or refusing to settle the claims of the Thompsons.

In answering an interrogatory, the jury found that the insurance company did not act with bad faith or gross negligence in refusing to afford Carvin a defense to the personal injury actions, but, in answering other interrogatories, the jury found that the insurance company did act in bad faith or with gross negligence amounting to bad faith in failing and refusing to settle the claims of the Thompsons.

The Thompsons and the insurance company filed motions for judgment notwithstanding the verdict. Thompsons claimed that, since the jury found bad faith or gross negligence on the part of the insurance company for failure to settle their claims, they were entitled as a matter of law to recover the full amount of the default judgments which they obtained in the state court against Carvin totaling $235,000. The insurance company contended that there was no evidence to support the finding of the jury of bad faith in failing or refusing to settle, and hence it could not be held for any amount in excess of the policy limits.

The District Court denied the motion n. o. v. of the Thompsons and sustained the motion of the insurance company holding that there was no evidence to support the finding of the jury that the insurance company acted in bad faith, or with gross negligence amounting to bad faith, in failing to settle the claims of the Thompsons. It rendered judgment against the insurance company in the amount of $83,003.34 which included interest on the state court judgments to the date it made payment to the Thompsons.

The policy contained covenants for indemnification and defense as follows:

"Coverage A—Bodily Injury Liability;

* * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury, * * * sustained by any person;

B. injury to * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury * * * and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *."

■ The company did not provide a defense for Carvin in the personal injury actions. The reason it refused to defend Carvin was its belief that it could not properly do so since it would have to contend that Carvin was lying if he testified that he was driving the automobile. It did seek a judicial determination as to who was driving by promptly filing declaratory judgment actions when Carvin was a party to the personal injury actions. It filed two such actions and carried one of them to the Supreme Court of Tennessee. It is little wonder that the jury was unable to find bad faith on the part of the insurer in refusing to afford Carvin a defense. We think this finding was supported by abundant evidence.

No explanation is given as to why Thompsons non-suited Crutchfield in the state court personal injury actions. They had a stipulation that the automobile was being operated at the time of the accident in his business and for his benefit. Crutchfield was therefore legally liable for any negligence of Carvin. It was obviously much easier for Thompsons to obtain a default judgment against Carvin than to obtain a verdict and judgment against Crutchfield in a litigated action in which he had been furnished a defense by the insurance company. A jury had previously disagreed in the action against Crutchfield alone.

■ The measure of damages for violation of the covenant to defend is the cost and expense of the defense. H. G.

Hill Co. v. Georgia Casualty Co., 158 Tenn. 194, 11 S.W.2d 684 (1928); South Knoxville Brick Co. v. Empire State Surety Co., 126 Tenn. 402, 150 S.W. 92 (1912). The insurer would also be liable under Coverage A to pay any judgment rendered for bodily injury within the policy limits. State Farm Mut. Auto Ins. Co. v. Skaggs, 251 F.2d 356 (10th Cir. 1957); Kleinschmit v. Farmers Mut. Hail Ins. Ass'n, 101 F.2d 987 (8th Cir. 1939); Kern v. Transit Cas. Co., 207 F. Supp. 437 (E.D.Tenn.1962); 29A Am. Jur., Insurance § 1460.

But Carvin incurred no expense in his defense, as he permitted the judgment to go against himself by default.

■ The remaining question in the case is whether there was evidence to support the special finding of the jury that the insurance company acted in bad faith in refusing to settle Thompson's claims. We agree with the District Judge that this finding was without evidentiary support. It was stipulated that an offer to settle within the policy limits was made by Thompsons, but this was at a time when Crutchfield was the only defendant. The evidence did not show what the offer was, but we do not think it would make any difference as we are of the opinion that, under the facts of this case, the insurance company was not obligated to make a settlement.

This case is not analogous to cases where the insurer assumes the defense and has made an investigation revealing liability and substantial injury, and then fails and refuses to settle for a reasonable amount, thereby subjecting the insured to an unreasonable risk. In such cases liability for damages in excess of policy limits has been sustained by the Tennessee Courts. Aycock Hosiery Mills v. Maryland Cas. Co., 157 Tenn. 559, 11 S.W.2d 889 (1928); Perry v. United States Fid. & Guar. Co., 49 Tenn.App. 662, 359 S.W.2d 1 (1962); Southern Fire & Cas. Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785 (1952). This Court has applied the rule in Tennessee, Coppage v. Firemen's Fund Ins. Co., 379 F.2d 621 (6th Cir. 1967); Tennessee Farmers Mut. Ins. Co. v. Wood, 277 F.2d 21 (6th Cir. 1960).

The fact that a jury disagreed in the personal injury actions against Crutchfield alone would indicate that liability was not as clear as the appellants would have us believe.

In the present case the crucial question was, Who was the driver of the automobile? The insurance company had reliable evidence, namely, the admissions of Carvin and Thompson to the state highway patrolman who investigated the accident, that Thompson was the driver. Carvin admitted that he told the patrolman that he was driving, but later he claimed it was not true. Thompson did not remember what he told the policeman. He did not deny that he told the officer that he was driving.

But Carvin was the additional insured, and he made the admission that he was driving. Thompsons must claim rights against the insurance company through Carvin. They have no rights greater than Carvin's.

While it may be true that in a case of almost absolute liability involving substantial injuries, an insurance company may be held liable in excess of policy limits for bad faith, or gross negligence amounting to bad faith, for failing and refusing to settle even though no offer of settlement was made by the claimant, State Auto Ins. Co. v. Rowland, Tenn., 427 S.W.2d 30 (1968), this is not such a case. In the present case, there was a substantial question as to who was driving the automobile. The jury was unable to find bad faith in refusal to defend. The mere fact that at one time, when Carvin was not a party to the case, the Thompsons made an offer to settle within the policy limits did not impose on the insurer an obligation to accept it or run the risk of liability for the payment of default judgments in excess of the policy limits. The District Judge was correct in holding that there was no evidence to support the jury's finding of bad faith in failing to settle.

Affirmed.