ADAMS EXPRESS COMPANY *v.* COMMONWEALTH OF KENTUCKY.

ERROR TO THE CIRCUIT COURT OF HART COUNTY, STATE OF KENTUCKY.

No. 144. Argued April 8, 1909.—Decided May 24, 1909.

Where the state court denied the contention of plaintiff in error, defendant below, that a state statute as applied to transportation of an article from one State to another was in conflict with the commerce clause of the Constitution, a Federal question is involved and this court has jurisdiction. *Western Turf Association* v. *Greenberg,* 204 U. S. 359.

However obnoxious and hurtful, in the judgment of many, liquor may be, it is a recognized article of commerce, *Leisy* v. *Hardin,* 135 U. S. 100; and a state law denying the right to send it from one State to another is in conflict with the commerce clause of the Constitution of the United States. *Vance* v. *Vandercook Co.,* No. 1, 170 U. S. 438.

Transportation of an article in interstate commerce is not completed until the article is delivered to the consignee; and the Wilson Act of August 8, 1890, c. 728, 26 Stat. 313, does not cause state laws to attach to an interstate shipment until the completion of the transit by delivery to the consignee. *Rhodes* v. *Iowa,* 170 U. S. 412.

Generally speaking, the police power belongs to, and is to be exercised by, the State, but it must yield to Congress wherever it conflicts with the powers belonging exclusively to Congress.

Congress has by § 5258, Rev. Stat., authorized every railroad company in the United States to carry all passengers and freight over its road from one State to another State and receive compensation therefor; and any exercise of state authority directly regulating interstate commerce is repugnant to the commerce clause of the Constitution. *Atlantic Coast Line* v. *Wharton,* 207 U. S. 328.

Section 1307 of the Statutes of Kentucky of 1903 making it an offense to furnish, sell or give liquor to any person who is an inebriate, as applied to a common carrier bringing the liquor to such a person from another State, is an attempted regulation of interstate commerce, and, as such, is in conflict with the commerce clause of the Constitution of the United States and void.

124 Kentucky, 182, reversed.

SECTION 1307, Kentucky Statutes, 1903, provides:

"Any person who shall sell, lend, give, procure for or furnish spirituous, vinous or malt liquors, or any mixture of either, knowingly, to any person who is an inebriate or in the habit of becoming intoxicated or drunk by the use of any such liquors, or who shall suffer or permit any such person to drink any such liquors in his barroom, saloon or upon the premises under his control or in his possession, shall be fined, for each offense, fifty dollars," etc.

The Adams Express Company was prosecuted in the Circuit Court of Hart County for a violation of that statute. The facts were agreed upon. It was a company engaged in the express business. W. G. Tharp was a resident of Hart County, Kentucky, who bought and paid for liquor in Nashville, Tennessee, and New Albany, Indiana. The sellers were licensed dealers in those places, and shipped the liquors to him, by the defendant, prepaying the express charges. Tharp was in the habit of becoming intoxicated, and the defendant's agent in

Hart County knew of this fact when he delivered the liquors. On the trial the court ruled "that the said transportation and delivery of said liquor to said Tharp by defendant did not constitute interstate commerce within the meaning of the clause of the Federal Constitution, which gives to the Congress of the United States power to regulate commerce between the States, and that the defendant is guilty of knowingly furnishing liquor to an inebriate, as charged in the information herein."

The defendant prayed an appeal to the Court of Appeals of Kentucky, which was denied, and thereupon the case was brought here directly from the Circuit Court of Hart County, the highest court of the State in which a decision could be had. Ky. Stat. 1903, § 1307, p. 579; Id. § 950, p. 482 · § 347 Crim. Code, p. 567.

*Mr. Lawrence Maxwell*, with whom *Mr. Joseph S. Graydon* was on the brief, for plaintiff in error:

This court has jurisdiction.

The Federal question was duly raised and overruled in the trial court. The case is brought here direct because the Circuit Court of Hart County is the highest court of the State in which a decision can be had. The information was based on § 1307, Ky. Stat. 1903, which fixes the only penalty at a fine of fifty dollars. Under § 347, Criminal Code, and Ky. Stat. 1903, § 950, the trial court properly refused an appeal to the Court of Appeals of Kentucky, and allowed the writ from this court with supersedeas.

This proposition that the transaction was interstate commerce is well settled. Tharp lawfully bought and paid for the liquor in another State from dealers duly licensed there to sell it. The only connection of the defendant with the transaction was to carry the liquor to Kentucky and there deliver it to the consignee. This it did in discharge of its duty as a common carrier engaged in interstate transportation, under the laws of the United States, and in pursuance of a lawful contract entered into in another State with the shipper, who there paid

defendant its carrying charges. It is not competent for the State of Kentucky to declare such a contract unlawful, or to punish defendant for performing it, or to regulate its performance by forbidding delivery to the consignee on the claim that he is a person who is in the habit of becoming intoxicated. If such regulation of interstate commerce is deemed advisable it must proceed from Congress. The States cannot interfere until the interstate transportation has been completed by delivery to the consignee. The court has so construed the Wilson Act repeatedly. *American Exp. Co.* v. *Iowa,* 196 U. S. 133; *Bowman* v. *Chicago & Northwestern Ry. Co.,* 125 U. S. 465; *Leisy* v. *Hardin,* 135 U. S. 100; *Vance* v. *Vandercook Co. (No. 1),* 170 U. S. 438; *Adams Express Co.* v. *Kentucky,* 206 U. S. 129; *Rhodes* v. *Iowa,* 170 U. S. 412, 426.

The Kentucky statute is an illegal regulation of interstate commerce. A state statute which compels a carrier to know the contents of his packages, and to ascertain at his peril whether the consignees of all interstate shipments of intoxicating liquor are in the habit of becoming intoxicated, and which denies the right to deliver to such persons an article of commerce in course of transportation from another State, is a plain regulation of interstate commerce. *Wabash, St. L. & P. Ry. Co.* v. *Illinois,* 118 U. S. 557; *Vance* v. *Vandercook Co. (No. 1),* 170 U. S. 438, 444; *Leisy* v. *Hardin,* 135 U. S. 100–110; *Atlantic Coast Line R. R. Co.* v. *Wharton,* 207 U. S. 328, 334; *Central of Georgia Ry. Co.* v. *Murphey,* 196 U. S. 194; *Houston & T. C. R. R. Co.* v. *Mayes,* 201 U. S. 321; *McNeill* v. *So. Ry. Co.,* 202 U. S. 543.

No counsel appeared for defendant in error.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The jurisdiction of this court is not open to dispute. Defendant contended that the Kentucky statute as applied to

the transportation of liquor from State to State was in conflict with the section of the Federal Constitution vesting jurisdiction in Congress over interstate commerce. This contention was denied by the state court, and thus a question arose under the Federal Constitution decided adversely to the plaintiff in error. *Western Turf Association* v. *Greenberg*, 204 U. S. 359.

Liquor, however obnoxious and hurtful it may be in the judgment of many, is a recognized article of commerce. *License Cases*, 5 How. 504, 577; *Leisy* v. *Hardin*, 135 U. S. 100, 110.

In *Vance* v. *Vandercook Company* (*No.* 1), 170 U. S. 438, 444, Mr. Justice White, delivering the opinion of the court, said:

"Equally well established is the proposition that the right to send liquors from one State into another, and the act of sending the same, is interstate commerce, the regulation whereof has been committed by the Constitution of the United States to Congress, and, hence, that a state law which denies such a right, or substantially interferes with or hampers the same, is in conflict with the Constitution of the United States."

That the transportation is not complete until delivery to the consignee is also settled.

In *Rhodes* v. *Iowa*, 170 U. S. 412, 426, it was held that the Wilson Act "was not intended to and did not cause the power of the State to attach to an interstate commerce shipment, whilst the merchandise was in transit under such shipment, and until its arrival at the point of destination and delivery there to the consignee."

This legislation is in the exercise of the police power, a power which, generally speaking, belongs to the State, and is an attempt in virtue of that power to directly regulate commerce, but in case of conflict between the powers claimed by the State and those which belong exclusively to Congress, the former must yield, for the Constitution of the United States and the laws made in pursuance thereof are "the supreme law of the land."

Section 5258 of the Revised Statutes of the United States provides:

"Every railroad company in the United States . . . is hereby authorized to carry upon and over its road . . . all passengers . . . freight, and property on their way from any State to another State, and to receive compensation therefor." *New Orleans Gas Company* v. *Louisiana Light Company*, 115 U. S. 650; *Wabash, St. Louis & Pacific Railway Company* v. *Illinois*, 118 U. S. 557.

In *Atlantic Coast Line Railroad Company* v. *Wharton*, 207 U. S. 328, 334, it was declared "that any exercise of state authority, in whatever form manifested, which directly regulates interstate commerce, is repugnant to the commerce clause of the Constitution."

In *Adams Express Company* v. *Kentucky*, 206 U. S. 129, 135, it was said:

"The testimony showed that the package, containing a gallon of whiskey, was shipped from Cincinnati, Ohio, to George Meece, at East Bernstadt, Kentucky. The transaction was therefore one of interstate commerce, and within the exclusive jurisdiction of Congress. The Kentucky statute is obviously an attempt to regulate such interstate commerce. This is hardly questioned by the Court of Appeals, and is beyond dispute under the decisions of this court."

Clearly within the cases above cited the statute before us as applied to transportation from State to State cannot be sustained.

> *The judgment of the Circuit Court of Hart County, Kentucky, is reversed, and the case remanded to that court for further proceedings not inconsistent with the views expressed in this opinion.*

MR. JUSTICE HARLAN dissents.