## Commonwealth v. McKinney.

(Decided November 17, 1910.)

### Appeal from Butler Circuit Court.

1. Intoxicating Liquors—Interstate Commerce—Jurisdiction.—Whiskey is a recognized article of commerce, and where it is transported from another State to Kentucky, the transaction was one of interstate commerce and within the exclusive jurisdiction of Congress.

2. Same—Whiskey Ordered from Kentucky—Shipped from Indiana—Regulated by Interstate Commerce.—Where whiskey was shipped from Evansville, Indiana, to Kentucky, on an order from one residing in Kentucky and paid for by a check accompanying the order, and transported by a common carrier between the two States, the transaction was one of interstate commerce, and sections 1306 and 1307 regulating the sale of whiskey in this State

is, as applied to the transportation of liquors from one State to another, an unconstitutional regulation of interstate commerce.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Asst. Attorney General, for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Certifying the Law.

Section 1306 of the Kentucky Statutes is as follows:

"Any person who shall sell, lend or give, procure for, or furnish vinous, spirituous or malt liquor, or any mixture of either, to a person under twenty-one years of age, other than his own children, without the special written direction so to do, specifying the person by name and the quantity, from the father, mother or guardian of such infant, shall be fined fifty dollars."

· Appellee, Carlus McKinney, was indicted by the grand jury of Butler county for a violation of the foregoing statute. The law and facts were submitted to the court, and the indictment dismissed and appellee discharged. The Commonwealth appeals for the purpose of having the law certified.

The agreed facts show that the prosecuting witness, Kile Punch, is under the age of twenty-one years, and his father is alive. About one month before the indictment was found the witness went to the place of business of appellee McKinney, and the latter delivered to him one gallon of whisky. The delivery took place in Butler county. The whisky had been ordered by the prosecuting witness from Theodore Sowders, by letter sent by mail, addressed to Sowders at Evansville, Indiana. A check to pay for the whisky was enclosed. Sowders shipped the whisky from the port of Evansville to the witness at Mining City, Kentucky. The whisky was transported by the steamer Evansville, a common carrier between Evansville, Indiana, and Bowling Green, Kentucky, and way points. It was delivered to appellee McKinney at Mining City. Appellee was the duly authorized and acting agent of the boat at that place, and it was his duty to receive and deliver goods for the boat and collect the freight thereon. Appellee received the whisky in question and delivered the same to the prosecuting witness in due course of business.

A question similar to the one herein involved was before the Supreme Court of the United States in the case of Adams Express Co. v. Commonwealth of Kentucky, 214 U. S. 218, 53 L. Ed. 972. In that case the Adams Express Company was prosecuted and fined for a violation of section 1307 of the Kentucky Statutes, which provides for the punishment of knowingly furnishing intoxicating liquors to an inebriate. The defendant prosecuted an appeal to this court, but the appeal was dismissed. It thereupon prosecuted a writ of error direct to the Supreme Court of the United States. There it was held that liquor, however obnoxious and hurtful it might be in the judgment of many, was a recognized article of commerce, and where it was transported from one State to another, the transaction was one of interstate commerce and within the exclusive jurisdiction of Congress. The court adhered to the rule previously announced, that any exercise of State authority, in whatever form manifested, which directly regulates interstate commerce, is repugnant to the commerce clause of the Constitution, and that, therefore, the provision for the punishment of knowingly furnishing intoxicating liquors to an inebriate, which is made by section 1307 of the Kentucky Statutes, is as applied to the transportation of liquors by an express company from State to State, an unconstitutional regulation of interstate commerce.

The foregoing case cannot be distinguished from the case at bar. Here the whisky was shipped from the State of Indiana to the State of Kentucky. The transaction was clearly one of interstate commerce. If the statute for the punishment of knowingly furnishing intoxicating liquors to an inebriate is, as applied to the transportation of liquors from one State to another, an unconstitutional regulation of interstate commerce, it follows that section 1306 of the Kentucky Statutes, under which appellee was indicted, is likewise unconstitutional in so far as it applies to the transaction in question.

From the foregoing, it follows that the judgment of the trial court was proper, and this opinion is certified as the law of the case.