## MULANE et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 21, 1927.

No. 7725.

1. **Customs duties** ⊜⟰134—**Indictment for unlawfully importing merchandise, to wit, beer and ale, held sufficient (Tariff Act, § 593 [19 USCA § 497]; National Prohibition Act, tit. 2, § 3 [27 USCA § 12]).**

Indictment under Tariff Act, § 593 (19 USCA § 497), charging defendants with unlawfully importing from Canada into the United States certain merchandise, to wit, 95 pint bottles of Premier beer and 504 pint bottles of Premier ale, in violation of provisions of National Prohibition Act, tit. 2, § 3 (27 USCA § 12 [Comp. St. § 10138½aa]), *held* sufficient on demurrer.

2. **Intoxicating liquors** ⊜⟰134—**Beer and ale are "intoxicating liquors," within definition of National Prohibition Act (27 USCA § 1 et seq.).**

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor.]

3. **Criminal law** ⊜⟰304(20)—**Beer and ale are "intoxicating liquors" as matter of common knowledge.**

As a matter of common knowledge, beer and ale are "intoxicating liqours."

In Error to the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Clarence Mulane and another were convicted of violating section 593 of the Tariff Act of 1922, and they bring error. Affirmed.

Theodore B. Elton, of Grand Forks, N. D., for plaintiffs in error.

Seth W. Richardson, U. S. Atty., of Fargo, N. D.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The plaintiffs in error were defendants in the court below. Two indictments were filed against them, charging violations of section 593 of the Tariff Act of 1922 (19 USCA § 497). The first indictment—known as No. 4711—contained one count, and the second indictment contained two counts. The indictments were demurred to, the demurrers were overruled, pleas of guilty were entered, the defendant Pete Davis was given a sentence of six months under each count of both indictments, and the defendant Clarence Mulane was given a sentence of one year and one day under each count. The sentences in each case run concurrently. The cases have been consolidated for the purpose of review, and the writ of error challenges the sufficiency of each count of the indictments. [1-3] The first count of the second indictment—known as No. 4722—is exactly the same as the first count of the indictment in the case of James Dickerson and Jack Harris v. United States of America, 20 F.(2d) 901, just decided by this court, with the exception that in this case, it is charged that the merchandise transported was 95 pint bottles of Premier beer and 504 pint bottles of Premier ale. Beer and ale are intoxicating liquors, within the definition of the National Prohibition Act and as a matter of common knowledge. Hoagland v. Canfield (C. C.) 160 F. 146; Ruppert v. Caffey, 251 U. S. 264, 40 S. Ct. 141, 64 L. Ed. 260. In this connection, it is well to keep in mind also that the charge in this case is not for violating the National Prohibition Act (27 USCA § 1 et seq. [Comp. St. § 10138¼ et seq.]), but for bringing in merchandise con-

trary to the National Prohibition Act in violation of section 593 of the Tariff Act.

We think there is no practical distinction between this case and the Dickerson Case, and upon the authority of that the judgments are affirmed.