**RICHMIRE v. LEGG, Sheriff.**

**No. 704.**

District Court, N. D. Georgia, Atlanta Division.
June 13, 1933.

O. C. Hancock, William Woodruff, and P. J. Riordan, all of Atlanta, Ga., for plaintiff.

H. G. Vandiviere, of Canton, Ga., and J. G. Roberts, of Marietta, Ga., for defendant.

UNDERWOOD, District Judge.

Plaintiff, a common carrier by truck in interstate commerce, instituted this suit against defendant, sheriff of Cobb county, Ga., complaining of the seizure by defendant of one of its trucks and load of beer, claimed to have been manufactured under United States government permit, labeled and sealed as prescribed by federal law (27 USCA § 64a et seq.), and containing 3.2 per cent. alcohol by weight and, at the time, moving in interstate commerce under through bill of lading from Nashville, Tenn., to Jacksonville, Fla., and not destined for any point in Georgia. Tennessee and Florida have enacted statutes to legalize the sale and transportation of beer of the character of that in question, but Georgia has not.

Plaintiff contends that the seizure was unlawful, and prays for the return of the truck and beer and for an injunction restraining defendant from interfering in the future with similar interstate shipments of beer.

An interlocutory injunction is asked to so restrain defendant pending the final determination of this suit. This hearing is on the prayer for an interlocutory injunction.

There was no evidence introduced to show whether or not the beer was intoxicating, but all the other above stated facts were admitted.

The contention of plaintiff is that defendant had no right to seize the beer because it was legally moving in interstate commerce under permission of section 8 of article 1 of Federal Constitution and the Act of Congress, approved March 22, 1933 (27 USCA § 64a, et seq.) commonly known, and hereinafter referred to, as "the Beer Act," and therefore could not be interfered with by the state of Georgia or any of its officers.

■ It is indisputable that this beer could not be lawfully seized by defendant if it was a legitimate article of interstate commerce being transported through and not into the state of Georgia. Adams Express Co. v. Commonwealth of Kentucky, 214 U. S. 218, 29 S. Ct. 633, 53 L. Ed. 972; Kirmeyer v. State of Kansas, 236 U. S. 568, 35 S. Ct. 419, 59 L. Ed. 721; Gaines & Co. v. Holmes et al., 154 Ga. 344, 114 S. E. 327, 27 A. L. R. 98.

■ The beer, however, could not be a legitimate article of interstate commerce if it was, as a matter of fact, intoxicating, because the Eighteenth Amendment of the Constitution of the United States expressly prohibits the transportation of any liquor which is intoxicating, regardless of whether moving in interstate or intrastate commerce.

Neither Congress nor a state can pass any act which would make lawful the transportation of any intoxicating liquor anywhere within the United States.

"The first section of the amendment—the one embodying the prohibition—is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers and individuals within those limits, and of its own force invalidates every legislative act, whether by Congress, by a state Legislature, or by a territorial assembly, which authorizes or sanctions what the section prohibits." National Prohibition Cases, 253 U. S. 350, 386, 40 S. Ct. 486, 488, 588, 64 L. Ed. 946.

■ The Eighteenth Amendment is, as above seen, self-operative as far as the prohibition is concerned, and an enabling act is only necessary to provide means of enforcing the prohibition. The failure of Congress or a state Legislature to make any provision for the proper enforcement of the prohibition does not affect its validity, but merely its effectiveness.

■ Likewise an enabling act which provides for only a partial enforcement of the prohibition does not make lawful those things prohibited by the Eighteenth Amendment, but not covered by the enabling act, but merely renders such omitted prohibition unenforceable by the courts because no penalties are provided for their violation.

■ The Volstead Act, as amended by the Beer Act (27 USCA § 64a et seq.), does not undertake to, and could not, authorize the transportation of liquor which was as a matter of fact intoxicating, but merely withdraws from the federal courts the power to impose penalties or punishment for violations of the Eighteenth Amendment in those classes of criminal cases where the violation of the amendment arises out of the manufacture, sale, or transportation of liquors of an alcoholic content less than 3.2 per cent.

■ Furthermore, the failure of either Congress or a state Legislature to enact a law penalizing the transportation of a particular kind of intoxicating liquor would not destroy the effectiveness of a law passed by the other legislative body for the prevention of such violation of the Eighteenth Amendment, since the amendment expressly delegates to the Congress and the several states "concurrent power to enforce" the amendment by proper legislation.

■ "The second section of the amendment—the one declaring 'The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation'—does not enable Congress or the several states to defeat or thwart the prohibition, but only to enforce it by appropriate means." National Prohibition Cases, 253 U. S. 350, 387, 40 S. Ct. 486, 488, 588, 64 L. Ed. 946.

■■ It results, therefore, that either Congress or a state may pass enabling laws which may be alike or different and which may both be enforced as long as the acts proscribed are within the prohibition of the

790

Eighteenth Amendment, and this, even though it may result in double punishment for the same act. U. S. v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314. So if the Georgia laws, as they undoubtedly do, make it unlawful to possess or transport intoxicating liquor within the state, whether moving in interstate commerce or not, the enforcement of these laws could not be abridged in any way by the failure of Congress to make it a federal offense to transport such intoxicating liquor. U. S. v. Lanza, supra.

"The words 'concurrent power,' in that section, do not mean joint power, or require that legislation thereunder by Congress, to be effective, shall be approved or sanctioned by the several states or any of them; nor do they mean that the power to enforce is divided between Congress and the several states along the lines which separate or distinguish foreign and interstate commerce from intrastate affairs." National Prohibition Cases, 253 U. S. 350, 387, 40 S. Ct. 486, 488, 588, 64 L. Ed. 946.

If the beer in question, that is beer having an alcoholic content of 3.2 per cent., is as a matter of fact intoxicating, it cannot be a legitimate article of commerce, because expressly outlawed by the Eighteenth Amendment of the Constitution. This amendment as said by the United States Supreme Court, in National Prohibition Cases, 253 U. S. 350, 386, 40 S. Ct. 486, 488, 588, 64 L. Ed. 946, "has become a part of the Constitution, and must be respected and given effect the same as other provisions of that instrument," and it cannot be nullified by an older provision of the Constitution protecting interstate commerce, because the later provision modified or amended the older by making it unlawful to transport intoxicating liquors by removing them from the protection of the interstate commerce clause.

While, as seen above, Congress cannot, by definition or otherwise, make an act constitutional which is clearly in violation of the Constitution, it should be noted that, in the Beer Act, it has not attempted to define intoxicating liquors for the several states, or to declare that transactions in certain kinds of liquor are not violative of the Constitution, but has only provided that the federal courts may not punish such transactions, if the alcoholic content of the liquor be less than 3.2 per cent. by weight. The failure of Congress to forbid the transportation of beer of an alcoholic content under 3.2 per cent. by weight does not import a finding that such beer is nonintoxicating. Ruppert v. Caffey,

251 U. S. 264, 303, 40 S. Ct. 141, 64 L. Ed. 260. Such provision may or may not be an expression of the opinion of Congress that liquors of this alcoholic content are not in fact intoxicating, but, in form at least and I think in law, it merely places an arbitrary limit to the dealings in liquor which may be considered serious enough to be classed as federal crimes, just as was done in the original National Prohibition Act (27 USCA § 4). There it was provided that "the phrase 'intoxicating liquor' shall be construed to include * * * beer * * * and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds * * * by whatever name called, containing one-half of 1 per centum or more of alcohol by volume."

The definition of "intoxicating liquor," as changed by the Beer Act from a liquid containing one-half of 1 per cent. by volume to one containing 3.2 per cent. of alcohol by weight, is not binding upon the states, if such liquid of 3.2 per cent. alcoholic content is, as a matter of fact, intoxicating, nor upon federal courts in civil cases, where the violation of the Eighteenth Amendment is an issue as in this case.

This is a civil case in which the rights of the parties under the Constitution depend upon the question of fact as to whether or not the beer seized was intoxicating. The burden is upon the plaintiff to show by a preponderance of the evidence that the beer was not in fact intoxicating. He introduced no evidence on this point, but relied upon the definition of intoxicating liquor found in the Volstead Act, as amended by the Beer Act (see 27 USCA §§ 4, 64a), and the claim that the court should take judicial notice of the alleged fact that 3.2 per cent. beer was not intoxicating.

As stated above, I do not think that the court, in the absence of evidence on the subject, can accept, in a civil case, such definition as conclusive proof that the beer was not intoxicating; nor do I think the court can say as a matter of law that 3.2 per cent. beer is nonintoxicating (United States v. Standard Brewery, 251 U. S. 210, 220, 40 S. Ct. 139, 64 L. Ed. 229), especially in view of the varying definitions of intoxicating liquor by Congress and many state Legislatures, and many expressions of courts and others to the effect that liquor of even lower alcoholic content is intoxicating.

The Circuit Court of Appeals for the Eighth Circuit in the case of Mulane v. United States, 20 F.(2d) 903, say: "Beer and ale

are intoxicating liquors, within the definition of the National Prohibition Act, and as a matter of common knowledge," citing Hoagland v. Canfield (C. C.) 160 F. 146; Ruppert v. Caffey, 251 U. S. 264, 40 S. Ct. 141, 64 L. Ed. 260. See, also, the comments of the Supreme Court on the various state statutes and court decisions relating to definitions of "intoxicating liquors" in the case of Ruppert v. Caffey, 251 U. S. 264, 282 et seq., 40 S. Ct. 141, 143, 64 L. Ed. 260.

Finding, as I do, that the Beer Act does not authorize the transportation of liquors, intoxicating. in fact, in a state where the laws thereof make such transportation unlawful, and finding further that the laws of Georgia forbid the possession. and transportation of beer of the character of that involved in this suit, and the plaintiff, who has come into a court of equity asking affirmative relief, has not shown that said beer is not intoxicating, the prayer for an interlocutory injunction is denied.