## WAYNE v. UNITED STATES.
### No. 12495.

Circuit Court of Appeals, Eighth Circuit.
Oct. 6, 1943.

Rehearing Denied Nov. 4, 1943.

Writ of Certiorari Denied Jan. 3, 1944.
See 64 S.Ct. 429.

Philip R. Bangs, of Grand Forks, N. D., for appellant.

Harry Lashkowitz, Asst. U. S. Atty., of Fargo, N. D. (P. W. Lanier, U. S. Atty., of Fargo, N. D., on the brief), for appellee.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

SANBORN, Circuit Judge.

By an indictment in three counts the appellant was charged with having made three separate sales of beer to an Indian ward of the United States on July 19, 1941, at Rolla, North Dakota, in violation of § 2139 of the Revised Statutes of the United States as amended, § 241, Title 25, U.S.C.A. This statute, so far as pertinent, provides that: "Any person who shall sell * * any malt, spirituous, or vinous liqour, including beer, ale, and wine, or any ardent or other intoxicating liquor of any kind whatsoever * * * to any Indian who is a ward of the Government under charge of any Indian superintendent or agent, or to any Indian, including mixed bloods, over whom the Government, through its departments, exercises guardianship, * * * shall be punished * * *." The appellant entered a plea of not guilty and was tried. The jury found him guilty upon each count, and he has appealed from the judgment and sentences entered upon the verdict.

The appellant's first contention is that the court erred in denying his request, made at the opening of the trial, that the Government be compelled to disclose the names of its witnesses, so that the prospective jurors might be asked by the

court whether any of them knew any of the Government's witnesses. In denying the request, the court stated that it would inquire whether any of the jurors knew any of the Government's witnesses that the appellant might name. The appellant named three prospective Government witnesses, and the court made the requested inquiry. It later developed that there was another witness whose name the appellant did not have, and no inquiry was made of the jurors with respect to him. There is no contention that any of the jurors were related to or acquainted with any of the Government's witnesses. The appellant concedes that he has found no authority to support his argument that the court was required to furnish him with a list of the Government's witnesses. We think that there was no error or prejudice involved in the denial of the appellant's request.

■ The evidence of the Government demonstrated that the appellant had done exactly what the indictment charged him with doing, namely, making three separate sales of beer to an Indian ward of the Government at the time and place specified in the indictment. On each occasion the Indian purchased bottled as well as draft beer and delivered the bottles of beer to the Government officers who had brought him to the appellant's place of business and furnished him the money to make the purchases. These bottles, which bore the labels of well-known brands of beer, were introduced in evidence, and it was stipulated that they contained beer. The appellant contends that it was incumbent upon the Government to prove, not only that the appellant sold beer, but that the beer was intoxicating. Apparently no such question was raised upon the trial, since there was no motion for a directed verdict, no request for any instruction, and no exception to the charge of the court. Under the circumstances, the appellant is not entitled to challenge the sufficiency of the evidence to sustain his conviction. Ayers v. United States, 8 Cir., 58 F.2d 607–609. In that case, we said, however, that this Court, in the absence of a motion for a directed verdict, has discretion to set a conviction aside if there is no substantial evidence to sustain the verdict—not because of any duty it owes the defendant, but solely in the public

interest and to prevent injustice. See also Cox v. United States, 8 Cir., 96 F.2d 41. The statute which the appellant was charged with violating denounced in plain language the sale of "malt, spirituous, or vinous liquor, including beer," to Indians of certain classes. The indictment charged sales of beer in violation of the statute, and the proof established that the sales of beer charged were made by the appellant. That beer is a malt liquor and is intoxicating is a matter of common knowledge and, we think, requires no proof. See Mulane v. United States, 8 Cir., 20 F.2d 903; Jacob Ruppert v. Caffey, Inc., 251 U.S. 264, 282–283, 40 S.Ct. 141, 64 L.Ed. 260. The appellant in his defense might have offered proof that what the bottles introduced in evidence by the Government contained was in fact not beer at all, but a nonalcoholic beverage masquerading as beer. Instead, he conceded that they contained beer. The fact is that the only controverted issue in this case was whether the appellant made the sales charged. The evidence of the Government was that he did make them, while he testified that he did not.

■ The only other question in the case is whether the three sales, for the purpose of sentence, were one crime or three crimes. The court imposed a sentence on each count, the sentences on the first and second counts to run consecutively and the sentence on the third count to run concurrently with the sentence on the second count. The sales were all made on the same evening to the same Indian, but at three separate times and as three distinct transactions. The Government's evidence showed that the Indian made the first purchase of beer from the appellant at about 10:30 P.M.; that he then left the appellant's premises with the bottles of beer which he had purchased, and delivered them to the Government officers who were in a car outside; that he returned to the appellant's premises and made the second purchase of beer from the appellant about one hour later; that he again left the appellant's premises and delivered the bottles of beer obtained on the second purchase to the same officers; and that he again returned to the appellant's premises and made the third purchase of beer from the appellant. The sales were separate offenses, Blockburger v. United States, 284

U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, being successive acts each of which violated the statute. Compare Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. ——.

The judgment appealed from is affirmed.