## McGUIRE v. UNITED STATES.

### No. 13083.

Circuit Court of Appeals, Eighth Circuit.

Dec. 27, 1945.

Mark McCabe, of Minneapolis, Minn. (Neil Hughes and Don E. Morgan, both of Minneapolis, Minn., on the brief), for appellant.

John W. Graff, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Appellant was separately tried on three indictments containing ten counts charging her and her co-defendants with violations of sections 2 and 3 of the Mann Act, 18 U.S.C.A. §§ 398 and 399. At the conclusion of the evidence the court dismissed the counts of the indictments, five in number, charging appellant with violations of section 2 of the Act which makes it criminal knowingly to transport, cause to be transported, or aid in transporting a woman from one State to another for the purposes prohibited by the Act. On the remaining five counts charging violations of section 3 of the Act which makes it criminal knowingly to persuade or induce a woman to go from one State to another as a passenger on a common carrier for the purposes prohibited by the Act, or knowingly to aid in persuading or inducing such a transportation, the jury found appellant not guilty on one count and guilty on four.

On this appeal the primary question is whether the evidence was sufficient to sustain the conviction of appellant on the charge of inducing or aiding in inducing the violations of the Act alleged in the counts on which she was convicted.

At the time of the commission of the crimes charged and for several years prior thereto the appellant was a professional prostitute, operating a house of prostitution known as the Roberts Hotel in Fargo, North Dakota. The women illegally transported, Stodiek and Garza, were prostitutes residing in Minneapolis, Minnesota. Four of the counts charging violations of section 3 of the Act concerned transportations of Stodiek from Minneapolis to Fargo, North Dakota, and the other count involved the transportation of Garza between the same points. Appellant was found not guilty on one of the counts involving Stodiek, guilty on three of these counts, and guilty on the count concerning the transportation of Garza. Appellant's codefendant in two of the counts involving the transportation of Stodiek was Burton Lewis with whom Stodiek lived in Minneapolis, and in the other two counts concerning Stodiek, appellant's codefendant was Jimmie Kane with whom Stodiek was living at the time of the commission of the crimes charged in these counts. Appellant's co-defendant in the Garza indictment was one Henry Green with whom Garza lived in Minneapolis. Stodiek engaged in prostitution under the direction and control of either Burton Lewis or Jimmie Kane, and for that purpose went wherever they told her to go regardless of her wishes in the matter, turning over to one or the other of them all of her earnings. Garza was more independent in her relations with Henry Green, but she acted on his advice and with his consent and assistance.

It is admitted that on the occasion of each violation of section 3 of the Act charged in the indictments the woman involved in the illegal transportation went from Minneapolis, Minnesota, to Fargo, North Dakota, for the purpose of engaging in prostitution at appellant's hotel in Fargo, and that on each occasion she was so engaged. Prior to the first trips of

Stodiek and Garza from Minneapolis to Fargo, neither was acquainted with the appellant. Stodiek learned of appellant's operation of the Roberts Hotel in Fargo from another prostitute of her acquaintance in Minneapolis. She advised Burton Lewis of the information thus acquired, and at his order called the appellant by long distance telephone to secure permission to become an inmate of appellant's hotel. On receipt of appellant's consent Stodiek went to Fargo as a passenger by railroad. Her transportation was arranged and paid for by Burton Lewis. On this occasion all that the appellant did was to consent to the commission of the crime which Lewis had determined to commit if appellant's consent could be obtained. The jury returned a verdict of not guilty on the count involving this trip of Stodiek from Minneapolis to Fargo.

 There was more in the evidence concerning the three later trips which Stodiek made from Minneapolis to Fargo. Stodiek testified that on the occasion of her arrival at the Roberts Hotel in Fargo, following her first trip, the appellant recommended the Roberts Hotel as a place where prostitutes could make large earnings, urged her to return from Minneapolis to Fargo as occasion offered, and gave her instructions as to the route by railroad to be followed from Minneapolis to Fargo on subsequent trips in order to avoid detection by the Federal Bureau of Investigation. According to Stodiek, appellant also advised her concerning a method of code communication by telephone devised for the purpose of escaping attention of the Federal Bureau of Investigation, and instructed Stodiek to communicate with her by telephone in the manner directed before returning from Minneapolis to Fargo. Stodiek thereafter made three trips from Minneapolis to the Roberts Hotel at Fargo. On each occasion she called appellant as directed, using the code which had been explained to her, and followed appellant's direction concerning the route to travel by railroad. She testified that upon each trip to Fargo, North Dakota, appellant asked her prior to her return to Minneapolis to come back to the Roberts Hotel, and, if possible, to bring other girls with her. On every trip which Stodiek made from Minneapolis to Fargo she went on the orders of either Burton Lewis or Jimmie Kane, one or the other of whom arranged her transportation by railroad and paid her

fare, but on each occasion she also had the request of appellant to make the trip. On the counts involving these transportations of Stodiek, the jury found appellant guilty.

The evidence in support of the charge involving the transportation of Garza, on which appellant was also found guilty by the jury, established that Garza heard of appellant's hotel in Fargo while she was engaged as a prostitute in Minot, North Dakota. With the consent of Henry Green with whom she was returning from Minot to Minneapolis, Minnesota, she visited the appellant at Fargo. She testified that on that occasion she was asked by appellant to remain at the Roberts Hotel. She declined this invitation, which was given her on Christmas Day, but offered to return promptly after New Years. Appellant urged her to do so. She did return from Minneapolis to Fargo on January 2 in accordance with her agreement with the appellant.

 We think the evidence set out above was sufficient to sustain appellant's conviction. It is true that appellant categorically denied the testimony of both Stodiek and Garza, but the conflict in the testimony thus arising was for the jury. The jury, of course, was entitled to believe the testimony of the prosecuting witnesses in preference to that of appellant. And it was for the jury to say whether, by urging the prosecuting witnesses to make the trips from Minneapolis to Fargo, which it is admitted they made for the purposes prohibited by the Act, appellant effectually induced or aided in inducing or persuading these women to make the trips. La Page v. United States, 8 Cir., 146 F.2d 536, 156 A.L.R. 965; Hill v. United States, 8 Cir., 150 F.2d 760. In the charges involving Stodiek the jury had the additional evidence of appellant's instructions concerning telephone communication and route of travel by railroad.

██ It is true, as appellant contends, that she may not be convicted of the charges contained in the indictments upon the mere ground that she operated a house of prostitution in Fargo, North Dakota, to which apparently women were accustomed to come from other States. But it is equally true that she is not entitled to be acquitted of the present indictments because the women she urged to come from Minneapolis to Fargo for the purposes prohibited by the Act were also prostitutes, subject to the orders of her co-defendants.

580

It was for the jury to decide whether appellant's actions aided or assisted in inducing the particular violations of the Act charged in the counts on which appellant was convicted.

■ Appellant's other assignments of error are clearly without merit. At the conclusion of the District Attorney's opening statement to the jury, appellant moved the court to dismiss the counts of the indictments charging violations of section 2 of the Act, on the ground that the statement showed the appellant was not guilty under these counts. The court's denial of this motion is assigned as error. There is no question of the power of a trial court to direct a verdict upon the opening statement of counsel. Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882. But it is equally well established by the authorities that this power should be exercised only when it clearly and affirmatively appears from the opening statement that the charge against the defendant cannot be sustained under any view of the evidence consistent with the statement. Stuthman v. United States, 8 Cir., 67 F.2d 521, 523. The opening statement of counsel is set out at length in the record, and it has received our careful consideration. In our opinion, it did not clearly show the inability of the Government to establish the charges of violation of section 2 of the Act. The court committed no error in receiving the evidence on behalf of the prosecution before granting the motion to dismiss.

■ Appellant argues strenuously that the court committed prejudicial error in allowing the Government to prove the relations existing between Stodiek and Garza and appellant's co-defendants, who were not on trial, and concerning conversations between these women and the co-defendants. There was no evidence introduced to show that appellant had any contact or agreement with any of her co-defendants prior to the commission of the crimes of which she was convicted. Stodiek, however, testified that she told appellant of her relations with Lewis and Kane. The theory underlying this assignment of error is that any evidence tending to show the guilt of appellant's co-defendants of the crimes charged in the indictments is inadmissible and prejudicial as against appellant, in the absence of a showing by the Government that appellant had some contact with the co-defendants or acted in concert with them. The answer to this argument is that appellant was not charged as an accessory or as an agent or confederate of her co-defendants. She, like her co-defendants, was charged as a principal. The prosecution is not required to prove that she acted in concert with the co-defendants or with any knowledge of the part they played in causing or inducing the perpetration of the crimes charged. The Act makes equally guilty those who aid in inducing and those who directly induce or cause its violation. Moreover, by 18 U.S.C.A. § 550, every person who aids another in the commission of a criminal offense is a principal. We are unable to say that any of this evidence resulted in prejudice to appellant. Insofar as it tended to establish, as definitely it did, the guilt of her co-defendants and show that they alone were responsible for the commission of the crimes charged in the indictments, it tended to relieve the appellant of the charges against her. The most that could be said in appellant's behalf on this point is that some of this evidence was not material to the case against her. Appellant's related argument that the trial court committed prejudicial error by failing to charge the jury not to consider the evidence in question is, therefore, without merit. And since the appellant did not request this charge at the trial, she is not entitled as of right on appeal to base error on the court's failure to give it. Ayers v. United States, 8 Cir., 58 F.2d 607–609; Wayne v. United States, 8 Cir., 138 F.2d 1, 2. Moreover, the fact that the jury found appellant guilty only of inducing or aiding in inducing the prohibited transportations which occurred after the women involved had been urged by her in conversations with them in Fargo to return from Minneapolis to Fargo for the purposes prohibited by the statute indicates that the verdicts of guilty were based upon their consideration of what appellant did in Fargo, and not upon any weight they may have given to the evidence concerning the actions of appellant's co-defendants in Minneapolis.

Judgment affirmed.