**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe GREENBERG, Defendant-Appellant.
No. 317, Docket 25384.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1959.

Decided June 24, 1959.

Smith v. United States, 9 Cir., 259 F. 2d 125.

4. Heflin v. United States, 79 S.Ct. 451, concurring opinion at page 454.

Jaffe & Wachtell, New York City (Herbert M. Wachtell, New York City, of counsel), for defendant-appellant.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

GALSTON, District Judge.

This is an appeal from a conviction after trial on forty-six counts of an indictment which charged appellant with having aided and abetted in the preparation of false payroll reports to the United States Navy, in violation of Title 18 U.S.C.A. § 2 and § 1001.

Subsequent to the trial and on September 12, 1958, as the result of post-trial motions, the trial court dismissed Counts 32 through 43 of the indictment. The judgment of conviction was as to the remaining counts of the indictment.

In brief, appellant Greenberg was a general contractor on various government contracts. These were subject to the provisions of the Davis-Bacon Act, Title 40 U.S.C.A. § 276a et seq., which required that an employee on government construction jobs such as those covered by the contracts herein, be paid as a minimum the wages prevailing in the locality of the job for the type of work performed. There is an additional requirement that the immediate employer of any worker file with the government a weekly report scheduling the wages paid to each of his employees, and that the employer verify the report to be correct.

Appellant Greenberg was charged with aiding and abetting his sub-contractors in making false statements to the government to the effect that they paid their workers the wage rates as required by the contracts and the Davis-Bacon Act aforesaid. The reports prepared were false, but they were not prepared personally by the appellant.

Arthur H. Christy, U. S. Atty., Southern District of New York, New York City (Mark F. Hughes, Jr. and Robert B. Fiske, Jr., Kevin Thomas Duffy, Gideon Cashman, Asst. U. S. Attys., New York City, of counsel), for appellee.

There is a five-fold attack on the conviction.

First, it appears that the appellant encounters insurmountable difficulty in failing to appreciate the full significance

of the fact that the conviction is of one who aided and abetted. That failure affects his construction of § 1001 of Title 18 U.S.C.A., which reads as follows:

"Statements or entries generally

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 749."

Appellant's second contention is that the district court declined to charge the jury that false payroll statements had to be submitted to the government and that the filing thereof was an essential element of the crime charged under Title 18 U.S.C.A. § 1001.

The third point is an attack upon the laying of the venue in the Southern District of New York.

The fourth point is that the prosecution failed to make an adequate opening statement.

Finally it is contended that the conviction was caused by the cumulative effect of prejudicial matter improperly injected into the trial by the prosecution consisting, among other things, of improper cross-examination of the appellant, improper admission of rebuttal testimony by way of collateral attack on the defendant, and the impropriety of the government's summation.

■ On this appeal for the first time appellant contends that the acts charged and proved did not constitute a violation of Title 18 U.S.C.A. § 1001. In short, appellant's position is that the payroll statements were subject to prosecution only under Title 18 U.S.C.A. § 1621 instead of § 1001. The government is not barred from a prosecution under Title 18 U.S.C.A. § 1001, merely because it might also prosecute under Title 18 U.S.C.A. § 1621. As Judge Weinfeld points out in United States v. Lange, D.C., 128 F.Supp. 797, a single act or transaction may violate more than one criminal statute. This case falls within the rule, since a perjury prosecution requires proof that the witness was sworn, while Title 18 U.S.C.A. § 1001, does not. In the Lange case, supra, Judge Weinfeld says, 128 F. Supp. at page 799:

"It rests with the government to decide under which statute the offense shall be prosecuted, and frequently problems of proof determine this question."

On the basis of the foregoing it is clear that the government had the authority to decide under which statute the offenses here were to be prosecuted. Accordingly there is no merit to appellant's contention that the prosecution had to be under Title 18 U.S.C.A. § 1621, rather than under Title 18 U.S.C.A. § 1001.

■■ The submission of the appellant's payroll reports is not a necessary element of the violation of the statute under Title 18 U.S.C.A. § 1001. See Ebeling v. United States, 8 Cir., 248 F. 2d 429, certiorari denied Emerling v. United States, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261; see also United States v. Myers, D.C., 131 F.Supp. 525. The following quotation from the Ebeling case, supra, 248 F.2d at page 434, effectively disposes of appellant's contention that the submission of the false statements was an essential element of the crime charged under Title 18 U.S. C.A. § 1001, and that the district court failed to charge the jury accordingly.

"Other courts have had occasion to consider the question and have held that § 1001 does not require that a false statement or document must itself have been presented to a department or agency of the United States * * *"

In any event the appellant may not raise the issue here for the first time. See United States v. Kaiser, 7 Cir., 138 F.2d 219. No proper request was made for a charge with respect to submission of the statements being a necessary element of the crime. The only request for a charge that was made was for an instruction to the effect that the jury had to find that the appellant personally submitted the forms. Submission by the appellant himself is certainly not significant here, since he was tried as an aider and abettor.

Going further still, there is a judicial admission by defense counsel in a memorandum of law submitted in connection with appellant's requests to charge, wherein it is admitted that the statements in question were actually delivered to the Public Works office (although it is denied that the delivery was made by the appellant himself).

It is well-settled law that if a defendant, knowing of any possible defect in venue, fails to raise the question properly at the trial, his right is waived. See Walker v. United States, 7 Cir., 218 F.2d 80. The trial court twice called the attention of appellant's attorneys to the possible impropriety of the venue. Defense counsel did not move to dismiss on the venue ground until after the close of the government's case. However, even assuming that he did not waive, appellant's contention lacks merit because under the terms of the contracts in evidence the payroll reports were to be submitted to the contracting officer whose office was located within this district. Under § 3237 of Title 18 U.S.C.A., venue was properly laid in the Southern District of New York.

Since the opening statement did not show that the government had no right to a conviction, the appellant was not entitled to a dismissal of the action as long as there was sufficient evidence before the jury to support the conviction. See Cody v. United States, 9 Cir., 73 F.2d 180; see also United States v. Dietrich, C.C., 126 F. 676.

With respect to the fifth ground of attack, that the trial judge permitted the prosecution to inject prejudicial matter into the trial by way of improper cross-examination, improper rebuttal testimony and improper summation, again we hold against the appellant. It must be borne in mind that there is a broad latitude for the discretion of the district court in cross-examination. See United States v. Manton, 2 Cir., 107 F.2d 834, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012. When the appellant took the stand voluntarily, he subjected himself to cross-examination within the limits of the appropriate rules of evidence. See United States v. Gates, 2 Cir., 176 F.2d 78. Villaroman v. United States, 87 U.S.App. D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074, contemplates and permits a wide range of cross-examination to show the motive, interest or animus of a witness. We find nothing in the record which went beyond the permissible scope of cross-examination.

It will be recalled that the appellant took the stand in his own behalf and attempted to establish by his own proof that his employees had been paid the full prevailing wages, and that his own payroll reports certified by him were not false. Assuming *arguendo* that the admission of evidence from Crismon (one of appellant's employees who testified as to kickbacks to appellant) was not properly admissible as an attack on defendant's credibility, it was admissible to contradict the defendant's assertion as to the truth of his own payroll reports. Appellant was not barred from offering any proof in rebuttal as to Crismon's testimony.

Similarly other alleged prejudicial errors were either of little or no moment, or not objected to at the trial, or both. For example, appellant complains of so much of the summation wherein the prosecution, in referring to the testimony of the defense witness Casmento, said: "I didn't believe his testimony." No objection was taken at the trial. We do not find that the sum-

**124**

mation unfairly put the professional integrity of the prosecution in issue. On the record in this case we do not find error in the comment by the prosecution that it did not believe a particular witness, since such belief was based solely on the evidence in the record, and there was no suggestion that there was other evidence known to the prosecution but not to the jury that was the basis for the comment. See Henderson v. United States, 6 Cir., 218 F.2d 14, 50 A.L.R.2d 754. The failure of defense counsel to move appropriately at the trial precludes him from raising the issues of other alleged prejudicial matter here.

The judgment below is affirmed.