UNITED STATES of America

v.

Peter ALBOWITZ et al.

Crim. No. 74–259.

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1975.

Robert E. J. Curran, U. S. Atty., Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Edmund Levine, Rudolph A. Chillemi, Nicholas J. Nastasi, Daniel J. DiGiacomo, Mark E. Dolin, Philadelphia, Pa., James A. Lynch, Havertown, Pa., Joseph C. Santaguida, Philadelphia, Pa., for defendants.

MEMORANDUM

BECHTLE, District Judge.

Presently before the Court is defendand Joseph Focoso's motion for a new trial or, in the alternative, for judgment of acquittal. Focoso was tried before a jury and convicted of conspiracy to violate 18 U.S.C. § 1341. The conspiracy involved the use of the United States mails to defraud two insurance companies by falsely and fraudulently reporting the theft of nonexistent automobiles and obtaining payment of insurance proceeds therefor.[1] For reasons hereinafter enumerated, the motion will be denied.

The first contention advanced by the defendant in support of the above-described motion is that the Court should have directed a verdict in favor of the defendant at the conclusion of the

---

1. Focoso was one of eight defendants charged in the instant indictment. Four defendants entered a plea of guilty to one or more counts prior to the selection of the jury. Three of the remaining four defendants pleaded guilty after the trial began but before the close of the Government's case.

prosecutor's opening address to the jury on the ground that the defendant was not mentioned by name in such address. Several cases have dealt with the question of whether and under what circumstances a Court may dismiss a case against a defendant following the prosecutor's opening remarks to the jury. In McGuire v. United States, 152 F.2d 577 (8th Cir. 1945), the defendant moved for dismissal of the case on the basis that the prosecuting attorney's opening statement showed that she was not guilty of the crimes charged in the indictment. The court therein denied the motion, holding that a trial judge may direct a verdict upon the opening statement of counsel ". . . only when it *clearly* and *affirmatively* appears from the opening statement that the charge against the defendant cannot be sustained under any view of the evidence consistent with the statement." (Emphasis added.) [152 F.2d, at 580.] Similarly, in United States v. Greenberg, 268 F.2d 120, 123 (2d Cir. 1959), the court declared that a defendant is not entitled to a dismissal unless the opening statement "show[s] that the government [has] no right to a conviction." 268 F.2d at 123. *In accord,* Webb v. United States, 191 F.2d 512 (10th Cir. 1951) ; Rose v. United States, 149 F.2d 755 (9th Cir. 1945).

This Court has carefully reviewed the Assistant United States Attorney's opening statement to the jury. While the opening address does not refer specifically to defendant Focoso by name, the Court is unable to conclude that the opening statement clearly and affirmatively established the inability of the Government to prove the charges against the defendant. After outlining the substantive counts in the indictment, the prosecutor referred to Count XIX, which charged all eight defendants with conspiracy to violate 18 U.S.C. § 1341. The prosecuting attorney then stated that the "Government will prove that the *defendants* in this case agreed with one another . . . to perpetrate this scheme . . ." [N.T. 1–7] (Emphasis added.) In an attempt to explain to

the jury that direct proof of a conspiracy is not always possible, the prosecutor again referred generally to the *defendants,* stating "we have to look to the conduct and acts of the individual defendants to determine whether or not they were acting in concert, whether or not there was a conspiracy." [N.T. 1–7]

The prosecutor's opening statement outlined in detail the fraudulent scheme to defraud the insurance companies and referred collectively to the "defendants" as the perpetrators of such scheme. The fact that the defendant was not mentioned by name does not establish the Government's inability to prove the charges against him.

■ The defendant further contends that the Government failed to introduce sufficient evidence to support his conviction of conspiracy. Numerous witnesses were called and voluminous documentary evidence was introduced by the Government to establish the existence of the conspiracy to defraud the insurance companies by obtaining the payment of false and fraudulent claims. With respect to the question of Focoso's knowing and active participation in the conspiracy, the Government's evidence consisted of expert testimony given by an FBI Fingerprint Technician and the testimony of one George Stemet, a co-conspirator of the defendant who pleaded guilty to three counts in the indictment prior to the trial of this case. The fingerprint expert testified that the defendant's fingerprints were found on two fraudulent automobile title documents introduced by the Government to establish the unlawful scheme. Co-conspirator Stemet testified that he met with defendants Focoso and Albowitz on three separate occasions to discuss what Stemet was to do in order to further the objectives of the fraudulent scheme. In response to a question propounded by the Court, Stemet answered that at one meeting Focoso made the following statement:

" 'George [Stemet], don't worry about anything. Everything is going to be all right. Everything is taken care of

and you will be perfectly safe and nothing will happen to you. I guarantee it.' " [N.T. 4–27]

Stemet also testified that during one of the three above-described meetings both Albowitz and Focoso told him not to report the theft of a vehicle that had been insured pursuant to the fraudulent scheme for the reason that too many vehicles had recently been reported stolen and that it was not a proper time to file a claim.

The testimony of the fingerprint expert and co-conspirator Stemet established more than knowledge of and acquiescence in the conspiracy on the part of defendant Focoso. Viewed in the light most favorable to the Government, the evidence showed that Focoso was a knowing and active participant in the conspiracy to defraud the insurance companies. The presence of Focoso's fingerprints on documents proven by the Government to be false and fraudulent, Focoso's attendance at the meetings between Albowitz and Stemet, and his assurance to Stemet that " . . . Everything is taken care of" clearly establishes defendant's connection with the conspiracy.

Defendant Joseph Focoso's motion will, therefore, be denied.